UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIMOTHY SPENCER,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

Case No. 1:18-cv-643

Honorable Janet T. Neff

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Michigan Department of Corrections for failure to state a claim upon which relief can be granted. The Court will serve the complaint against Defendants B. Simpson, D. Suppes, and B. Fleck.[1]

---

[1] Plaintiff has not provided sufficient information to permit service of the complaint on the unknown party described as John Doe Central Office Staff.

**Discussion**

I. <u>Factual Allegations</u>

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Michigan. The events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. Plaintiff sues the MDOC, IBC mailroom staff members B. Simpson and D. Suppes, IBC Assistant Resident Unit Supervisor B. Fleck, and an unknown party described as John Doe Central Office Staff. Plaintiff sues each individual Defendant in his or her individual and official capacity.

Plaintiff alleges that, in June of 2016, he purchased a three-year subscription to the Prison Legal News, a monthly publication of the Human Rights Defense Center. Between March and September of 2017, Defendants Simpson and Suppes rejected and refused to deliver six issues of the Prison Legal News because they contained at least one article that violated MDOC policy.

Plaintiff received mail rejection notices with respect to four of the six issues. The notices did not inform him how the rejected issues violated MDOC policy. Plaintiff requested hearings with respect to those four rejections. Defendant Fleck served as the hearing officer at each hearing. Plaintiff was not permitted to participate in two of the four hearings. At one of the other two hearings, Plaintiff asked Fleck why the issues had been rejected. Defendant Fleck replied that he did not know and that the issue had been rejected by MDOC Central Office staff. Defendant Fleck also reported that the only reason for the hearing was to determine how Plaintiff wished to dispose of the rejected issues.

Plaintiff filed grievances regarding the rejections. The grievance responses confirmed that the IBC mailroom staff had rejected the issues based on instructions from the MDOC Central Office.

Plaintiff alleges that the actions of Defendants Simpson, Suppes, and John Doe Central Office Staff Member in rejecting the Prison Legal News issues violated Plaintiff's First Amendment rights. Plaintiff claims that all defendants violated his due process rights by failing to follow MDOC policy in the mail rejection process, failing to explain the rejection, failing to provide adequate notice of rejection, and failing to permit Plaintiff to be heard regarding the rejections.

Plaintiff seeks compensatory and punitive damages.

II.     Failure to State a Claim

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Thus, dismissal is appropriate where the plaintiff fails to plead sufficient factual content to permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is also appropriate where the allegations, taken as true, establish that relief is barred by an affirmative defense such as failure to exhaust administrative remedies, statute of limitations, or absolute immunity. *Jones*, 549 U.S. at 215. Here, Plaintiff's allegations establish that the relief he requests against the MDOC is barred by sovereign immunity under the Eleventh Amendment.

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived

immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).

Taking Plaintiff's allegations as true, the MDOC's defense of sovereign immunity is apparent on the face of the complaint. Therefore, the Court will dismiss Plaintiff's claims against the MDOC because Plaintiff has failed to state a claim upon which relief can be granted.

The defense of immunity is not apparent on the face of the complaint with respect to the individual Defendants. To state a claim under 42 U.S.C. § 1983 against them, Plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff has adequately alleged claims for violation of his First

4

Amendment rights and Fourteenth Amendment due process rights against the remaining Defendants.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint against Defendant MDOC will be dismissed for failure to state a claim upon which relief can be granted, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Simpson, Suppes, and Fleck.

An Order consistent with this Opinion will be entered.

Dated: July 9, 2018                     /s/ Janet T. Neff
                                        Janet T. Neff
                                        United States District Judge