UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY RAY SPENCER,

    Plaintiff,

v                                             Case No.  1:18-cv-643
                                                  Hon. Janet T. Neff
                                                  Maj. Sally Bernes

BRENDA SIMPSON, DIANE SUPPES,
BRENT FLECK, FRED GOVERN,
JULIE SANFORD, & MARY JO DOLLAR,
sued in their individual capacities;
HEIDI WASHINGTON, sued in her
official capacities,

    Defendants.
_____

**PLAINTIFFS MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
AND
BRIEF IN SUPPORT**

      Plaintiff, by and through his counsel Daniel E. Manville, Director, Civil Rights Clinic, MSU College of Law, respectfully requests this Court grant this motion pursuant to Fed. R. Civ. P. 15(a), thereby providing leave to file an amended complaint, for the following reasons:

1. Plaintiff sought concurrence to file an amended complaint but opposing counsel denied that request.

2. Fed.R.Civ.P. 15(a)(2) provides that "a party may amend the party's pleading only by leave of the court . . . and leave shall be freely given when justice so requires."  Further, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

1

to the opposing party by virtue of allowance on the amendment . . . leave sought should, as the rules require, be 'freely give.'" *Forman v. Davis*, 371 U.S. 171, 181-82 (1962).

3. The Sixth Circuit has noted that "[t]he thrust of Rule 15 is to reinforce the principles that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). Furthermore, Rule 15 "plainly embodies a liberal amendment policy." *Louisiana School Emps. Ret. Sys. v. Ernst & Young,* 662 F.3d 471, 486 (6th Cir. 2010). Finally, to the extent that a party learns of new claims through discovery, the proper procedure is to file a motion to leave to amend pursuant to Rule 15. *See Bridgeport Music, Inc. v. WM Music Corp.*, 508 F. 3d 394, 400 (6th Cir. 2007).

4. In the attached proposed third amended complaint, Plaintiff seeks to add an as-applied constitutional claim against Defendants Dollar and Sanford in violation of his and the class's First Amendment rights. Depositions of the Defendants revealed facts that make an as-applied constitutional claim plausible.

5. Each Defendant admitted to using MDOC Policy Directive 05.03.118(NN)(4) to reject publications and articles on an improper basis of protecting MDOC from information about lawsuits or settlements that may portray it in a less than favorable way.

6. Defendants have filed no discovery. Therefore, they are not harmed nor is additional discovery required as to the new claim added if the filing of a Third Amended Complaint is granted.

7. The deposition of Ms. Norma Killough, Central Office's Admintrative revealed facts which make Plaintiff's as-applied First Amendment challenge plausible. Ms. Killough revealed that Paragraph NN(4) was not meant to reject the articles for the reasons Defendants gave in their depositionsi.e., the reporting of court's decisions that resulted in ruling against prison staff or the MDOC.

WHEREFORE, Plaintiff respectfully requests this Court to grant his motion to amend the complaint.

Respectfully submitted,

/s/ Daniel E. Manville
Daniel E. Manville (P39731)
Director, Civil Rights Clinic
Counsel for Plaintiff
Michigan State University College of Law
610 Abbot Road
East Lansing, MI. 48823
517-336-8088 (office)
517-336-8089 (fax)
daniel.manville@law.msu.edu

## PROOF OF SERVICE

I, Daniel E. Manville certify, under penalty of perjury, that on April 1, 2020, I caused a copy of the above document to be served by the ECF system on Defendants' Attorney.

/s/ Daniel E. Manville

Daniel E. Manville