UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY SPENCER,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

Case No. 1:18-cv-643

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving alleged violations of Plaintiff's First Amendment right to receive mail and his Fourteenth Amendment due process rights. Defendants filed a motion to dismiss, and Plaintiff moved for leave to file a Third Amended Complaint. The matter was referred to the Magistrate Judge, who issued a combined "Report and Recommendation [R&R] Regarding Defendants' Motion to Dismiss (ECF No. 79); Order Regarding Plaintiff's Motion to Amend (ECF No. 86)" (ECF No. 112). The Magistrate Judge granted Plaintiff's motion for leave to file a Third Amended Complaint and recommends that this Court grant Defendants' motion to dismiss Plaintiff's Second Amended Complaint. The matter is presently before the Court on Plaintiff's five objections to the Report and Recommendation. Defendants filed a response to Plaintiff's objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

***Objection 1.*** Plaintiff first argues that the Magistrate Judge erred in concluding that he abandoned his claim of injunctive relief against MDOC Director Heidi Washington by failing to respond to Defendants' arguments supporting her dismissal (ECF No. 117 at PageID.882; R&R, ECF No. 112 at PageID.861-862). According to Plaintiff, he could not have legally abandoned his claim against Washington because he did not include Washington in the caption of his Second Amended Complaint as required by FED. R. CIV. P. 10(a) (ECF No. 117 at PageID.882-884). Plaintiff emphasizes that a court cannot direct relief to a "non-party" (*id.* at PageID.882).

Plaintiff's objection is properly denied.

On October 20, 2019, while represented by counsel, Plaintiff filed his second motion to amend his complaint (ECF No. 59), indicating, in pertinent part, that "Defendant Washington has created a systematic scheme that does not allow prisoners to receive their constitutionally protected mail" (*id.* ¶ 13). The Magistrate Judge granted Plaintiff leave to amend (Order, ECF No. 71).

On December 23, 2019, Plaintiff filed his Second Amended Complaint, omitting Washington from the caption but identifying "Defendant Heidi Washington" in the body of the Second Amended Complaint as being "sued in her official capacity for injunctive relief" (2d Am. Compl. ¶ 9, ECF No. 72 at PageID.421), and further indicating in the class action allegations therein that he "intend[ed] to proceed, pursuant to Fed. R. Civ. P. 23, on behalf of all other persons similarly situated in obtaining a declaratory judgment and an injunction against Defendant Washington as to the present practice of arbitrarily rejecting inmate mail" (*id.* ¶ 14). The Second Amended Complaint is replete with additional references to "Defendant Washington" (*id.* ¶¶ 18, 40, 47 & 55). This Court added Washington as a party-defendant to the case docket that same day.

On January 8, 2020, Plaintiff's counsel submitted a proposed summons to serve Washington with the "lawsuit … filed against [her]" (ECF No. 75). On January 22, 2020, Plaintiff

served Washington and filed the executed summons with the Court that same day (ECF No. 78). On January 23, 2020, two assistant attorneys general filed appearances on behalf of Defendant Washington. Defendants point out that Washington subsequently participated in discovery (ECF No. 118 at PageID.938, citing ECF Nos. 92 & 95). Last, Defendants presented in-depth legal arguments in their February 20, 2020 motion to dismiss in support of dismissing Defendant Washington from this lawsuit (ECF No. 79 at PageID.441 & 443; ECF No. 80 at PageID.448, 451, 457, 474, 479-480 & 482). Plaintiff's brief in response to Defendants' motion did not mention Defendant Washington.

Having considered these facts, the Court agrees with Defendants that Plaintiff's argument, which depends on finding the caption of his Second Amended Complaint solely determinative of party status, fails to account for the unique record in this case and concomitantly fails to demonstrate any error by the Magistrate Judge. *See, e.g., Burley v. Quiroga*, No. 16-cv-10712, 2019 WL 4316499, at *15 (E.D. Mich. June 6, 2019) (collecting cases for the proposition that "[a] larger group of courts will consider persons left out of the caption but mentioned in the body to be parties if the complaint sufficiently indicates that intent"), report and recommendation adopted, No. 16-cv-10712, 2019 WL 3334810 (E.D. Mich. July 25, 2019). Here, as set forth above, not only did Plaintiff's Second Amended Complaint indicate his intent to include Washington as a party-defendant in this case, but Plaintiff's subsequent course of conduct solidified his intention to his opposing parties and this Court. The objection is properly denied.

***Objection 2.*** Next, Plaintiff argues that the Magistrate Judge erred in concluding that his retaliation claim fails (ECF No. 117 at PageID.885). According to Plaintiff, he suffered adverse action in the form of being precluded from attending an "actual hearing" and providing a defense (*id.* at PageID.886-890). Plaintiff also argues that there was a causal connection between his

protected conduct and the adverse action, or at least a question of fact as to causation, based on the timeline of the conduct alleged (*id.* at PageID.890-893). As Defendants point out (ECF No. 118 at PageID.940), Plaintiff's objection reiterates the arguments he made in opposition to Defendants' motion. *See* Pl. Resp., ECF No. 81 at PageID.527-520. Plaintiff's mere disagreement with the Magistrate Judge's analysis and conclusion is insufficient to demonstrate any factual or legal error by the Magistrate Judge. This objection is also properly denied.

***Objection 3.*** Next, Plaintiff briefly asserts that he alleged both a "facial" and an "as-applied" violation of his First Amendment rights in his Second Amended Complaint and that the Magistrate Judge therefore erred in concluding that his allegations are indicative of only a facial challenge (ECF No. 117 at PageID.893; R&R, ECF No. 112 at PageID.870).

Defendants do not disagree with Plaintiff's assertion and argue that because Plaintiff's Second Amended Complaint sufficiently set forth the arguments presented in the proposed third amended complaint, this Court should "reconsider the magistrate's determination that Plaintiff be allowed to file a third amended complaint" (ECF No. 118 at PageID.943-944).

The Magistrate Judge thoroughly considered Plaintiff's First Amendment claim (R&R, ECF No. 112 at PageID.865-870). The Magistrate Judge examined the allegations in Plaintiff's Second Amended Complaint and disagreed with Plaintiff's assessment of his claim as including an as-applied challenge (*id.* at PageID.870). The Magistrate Judge concluded that his Second Amended Complaint instead "lacks any suggestion of an as-applied challenge" and pointed out that Plaintiff's then-pending motion to amend, expressly seeking to add an as-applied challenge against Defendants Dollar and Sanford, "tacitly concedes that Plaintiff has not pled such a claim" (*id.*).

Plaintiff's brief argument again demonstrates only his disagreement with the Magistrate Judge's analysis and conclusion, but not any factual or legal error.

***Objection 4.***   Next, Plaintiff argues that the Magistrate Judge erred in recommending dismissal of his due process claim as barred by the doctrine set forth in *Parratt v. Taylor*, 451 U.S. 527 (1981) (ECF No. 117 at PageID.894-898; R&R, ECF No. 112 at PageID.871-872).  As Defendants point out (ECF No. 118 at PageID.942), Plaintiff's fourth objection does not set forth any argument or legal authority to reject the Magistrate Judge's recommendation but returns to "argue more about objection #3 and the facial vs. as-applied claims."  Plaintiff's objection is properly denied.

***Objection 5.***   Last, Plaintiff argues that the Magistrate Judge should have granted his motion to file a Third Amended Complaint and then dismissed Defendants' motion to dismiss without prejudice to the re-filing of another motion to dismiss (ECF No. 117 at PageID.898-904). While Plaintiff disagrees with the process adopted by the Magistrate Judge, his objection fails to demonstrate any error that would warrant rejecting the Report and Recommendation.  This objection is properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 117) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 112) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 79) is GRANTED for the reasons stated in the Report and Recommendation, and Plaintiff's Second Amended Complaint is DISMISSED.

**IT IS FURTHER ORDERED**, consistent with the Report and Recommendation, that Plaintiff shall, within seven (7) days after entry of this Opinion and Order, file a third amended complaint setting forth his as-applied claim against Defendants Sanford and Dollar, if any.


Dated:  September 28, 2020                              /s/ Janet T. Neff
                                                     JANET T. NEFF
                                                     United States District Judge