UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY SPENCER,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

Case No. 1:18-cv-643

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Remaining in this case is Plaintiff's claim that Defendants Julie Sanford and Mary Jo Dollar violated his First Amendment rights when they rejected three issues of his subscription to Prison Legal News (PLN) at Marquette Branch Prison (MBP) between June 2018 and July 2019. Defendants Sanford and Dollar moved for summary judgment, to which Plaintiff filed a response in opposition and Defendants filed a reply. Plaintiff moved to strike portions of an affidavit upon which Defendants' reply brief relied. Plaintiff also moved for leave to file a fourth amended complaint. The matter was referred to the Magistrate Judge, who issued a combined Order and Report and Recommendation (R&R) (ECF No. 142). The Magistrate Judge denied Plaintiff's motion for leave to amend and recommended that this Court deny Plaintiff's motion to strike and grant Defendants' motion for summary judgment. The matter is presently before the Court on Plaintiff's objections

to the Report and Recommendation.[1] Defendants filed a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff's six related objections to the Report and Recommendation concern his challenge to the Magistrate Judge's analysis under *Turner v. Safley*, 482 U.S. 78 (1987). First, Plaintiff argues that the Magistrate Judge "applied the wrong standard of review, in that [she] did not 'draw all inferences in a light most favorable to the non-moving party" (Pl. Obj., ECF No. 148 at PageID.1410). Second, Plaintiff argues that the Magistrate Judge erred in finding the first *Turner* factor met where, according to Plaintiff, the Magistrate Judge improperly accepted "the vague and conclusory statements by the Defendants as gospel truth" (*id.* at PageID.1412-1418). Third, Plaintiff argues that the Magistrate Judge erred in finding that an alternative to the rejected materials existed (*id.* at PageID.1418-1419). Fourth, Plaintiff argues that "[m]ore is needed to reject these articles than the speculation that an article could be disruptive" (*id.* at PageID.1420). Fifth, Plaintiff argues that the Magistrate Judge erred in finding the fourth *Turner* factor met where "rejecting articles based on placing MDOC in an unfavorable light [] is an 'exaggerated response' to prison concerns" (*id.* at PageID.1420-1421). Last, in his sixth objection, Plaintiff argues that the articles did not create a security risk (*id.* at PageID.1421).

Plaintiff's objections are properly denied.

As a threshold matter, Plaintiff's objections do not address the Magistrate Judge's recommendation to deny his motion to strike (R&R, ECF No. 142 at PageID.1374-1378), nor do

---

[1] Plaintiff did not file an appeal from the Magistrate Judge's Order. *See* W.D. Mich. LCivR 72.3(a) (Appeal of nondispositive matters).

his objections specifically address the separate basis set forth by the Magistrate Judge for her recommendation to grant Defendant Dollar summary judgment (*id.* at PageID.1382-1383). *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections").

As to Defendant Sanford, Plaintiff's objections do not address the Magistrate Judge's conclusion that Plaintiff "failed to point to clearly established law that would have put Sanford on notice that rejecting an article containing information about lawsuits against a prison or its personnel deemed detrimental to the good order or security of the facility violates the First Amendment" (R&R, ECF No. 142 at PageID.1388). As the Magistrate Judge correctly indicated, where Plaintiff did not satisfy this prong of the qualified-immunity analysis, "it is unnecessary to determine whether Sanford's rejection violated Spencer's First Amendment rights" (*id.*). *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (indicating that courts have discretion to decide the order in which to evaluate the two prongs of the qualified-immunity analysis); *Schulkers v. Kammer*, 955 F.3d 520, 532 (6th Cir. 2020) ("If the court finds that the plaintiff's right was not clearly established at the time of the defendant's conduct, the court does not need to determine whether the alleged conduct was in fact unconstitutional."); *Peatross v. City of Memphis*, 818 F.3d 233, 240 (6th Cir. 2016) (holding that the plaintiff "bear[s] the burden of showing that a clearly established right has been violated and that the official's conduct caused that violation"). In any event, as Defendants more fully set forth in their response to the objections (ECF No. 149 at PageID.1467-1474), Plaintiff's objections to the Magistrate Judge's *Turner* analysis merely serve to demonstrate his disagreement with the result, without establishing factual or legal error by the Magistrate Judge that would require rejection of the Report and Recommendation.

Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).  Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 148) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 142) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 128) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion to Strike (ECF No. 133) is DENIED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  August 31, 2021                                        /s/ Janet T. Neff
                                                                               JANET T. NEFF
                                                                               United States District Judge